UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL ANTHONY ROY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6794** |
| **ORLEANS PARISH SHERIFF'S OFFICE** | **SECTION "D"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

The plaintiff, Errol Anthony Roy ("Roy"), was incarcerated in the Templeman Jail within the Orleans Parish prison system ("OPP").[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 and state law against the Orleans Parish Criminal Sheriff's Office and unknown deputies seeking monetary damages for alleged violations of his constitutional rights.

Roy alleges that he was arrested on charges of hitting his son. He was thereafter incarcerated in OPP. Roy alleges that, in early May of 2009, he suffered with a bowel obstruction which caused

---

[1]The plaintiff notified the Court (Rec. Doc. No.8) of a change of address indicating that he has been released.

him to throw up bile and blood for five days. He claims that the nursing staff at OPP did not find anything wrong with him. He was eventually taken to see a doctor at the emergency room at University Hospital. He underwent surgery and received two pints of blood.

He further alleges that while he was in the hospital shackled to the bed, he was hit in the face by two deputies on May 20 and 21, 2009, and that one deputy pointed a gun at him. He claims that a nurse was so upset by the events that she cried. He asked her to call the Security Investigation Division at OPP but he never heard from anyone. He also contends that another deputy slapped him in the face on June 23, 2009.

Roy admits that he is not able to identify any of the deputies or nurses involved in his claims and that he did not see the nurse-witness again. As relief, Roy seeks appointment of counsel so that he can proceed with this suit against the Orleans Parish Criminal Sheriff's Office.

## II.   Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v.*

*Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Analysis

#### A.  Improper Defendants

Roy emphasizes that he has brought suit only against the Orleans Parish Criminal Sheriff's Office and he also lists, without explanation, the Orleans Parish Prison as a defendant in his complaint. He further concedes that he does not know the identity of any of the deputies or nurses involved in the alleged events leading to his claim. His claims are legally frivolous and fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[2] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24 (2008).

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See*Fed.R.Civ.P. 17(b).

The State of Louisiana, however, grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977), *writ refused*, 352 So. 2d 235 (La. 1977). Thus, none of the parish sheriff's offices are legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the Orleans Parish Criminal Sheriff's Office is not a juridical person capable of being sued under § 1983. The claims, if any, against the sheriff's office are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

Furthermore, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Fed. R. Civ. P. 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *see also Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, OPP, and its medical and investigatory units, are not proper defendants in this case.

In addition, for purposes of Fed. R. Civ. P. 17, a parish jail also lacks the capacity to sue or be sued under Louisiana law.[3] Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that authorized the Lafayette City Council to institute a law suits on its own motion. *Bowen*, 649 So. 2d at 613.

---

[3] Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702 (2005). However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704 (2005). The sheriff is a constitutionally created office in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, OPP is not "legally empowered to do" anything independently of either Orleans Parish or the Orleans Parish Criminal Sheriff. *Roberts*, 634 So. 2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities. It is not a proper party in this suit.

Roy has also indicated that unidentified deputies and nurses may have been responsible for the alleged events forming the basis of his claims. Roy has not identified, and concedes that he cannot identify, these individuals as proper parties in a manner sufficient under Fed. R. Civ. P. 17. For this reason, his claims against these improperly named defendants also are frivolous and otherwise fail to state a claim for which relied can be granted.

For all of these reasons, the claims against the Orleans Parish Criminal Sheriff's Office, OPP, and the unidentified deputies and nurses are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

**B.     State Law Claims**

Roy indicates in his complaint that the wrongs he suffered may have violated state tort law under La. Code Civ. P. art. 2317 and malpractice laws. To the extent Roy intended to invoke this Court's supplemental jurisdiction under 28 U.S.C. § 1367, his state law claims should be dismissed.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The Court is recommending that Roy's federal claims under § 1983 be dismissed in their entirety. Therefore, his state law claims should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction.

**IV.** **Recommendation**

It is therefore **RECOMMENDED** that Roy's §1983 claims against the defendants, the Orleans Parish Criminal Sheriff's Office, the Orleans Parish Prison, and the unidentified deputies and nurses be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Roy's state law claims be **DISMISSED WITHOUT PREJUDICE** because this Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 20th day of November, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**